**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1936-23

THE CEDAR CROSSING
CONDOMINIUM ASSOCIATION,
INC.,

      Plaintiff-Respondent,

v.

LINDA A. CLARK,

      Defendant-Appellant.

_____

          Submitted January 6, 2026 – Decided April 13, 2026

          Before Judges Susswein and Augostini.

          On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. DC-010655-21.

          Linda A. Clark, self-represented appellant.

          Amani S. Abdellah PC, attorney for respondent (Amani S. Abdellah, of counsel and on the brief).

PER CURIAM

This appeal arises from a Special Civil Part action to recoup unpaid monthly condominium fees brought by plaintiff Cedar Crossing Condominium Association (the Association) against defendant Linda A. Clark. Defendant appeals the trial court orders granting plaintiff's motion for summary judgment and denying her motion for summary judgment and her motion to dismiss. She also appeals the denial of her motion for reconsideration and motion for relief from judgment under Rule 4:50-1. After reviewing the record in light of the governing legal principles, we affirm.

We presume the parties are familiar with the pertinent facts and procedural history, which we need only briefly summarize. Plaintiff is a New Jersey non-profit corporation organized under the New Jersey Condominium Act, N.J.S.A. 46:8B-1. The governing documents include the Master Deed and By-Laws that set forth the rules and regulations for administering the Association.

Pursuant to Master Deed, Article 6, Section 6.04 and Article 7, Section 7.01, each homeowner is responsible for their proportionate share of the common expenses and administrative costs of operating the Association. Such costs are assessed by the Association on an annual basis and paid by each homeowner as a monthly assessment. The Association is also entitled to reasonable attorneys' fees for the collection of delinquent assessments in

2

accordance with N.J.S.A. 46:8B-15(e), Master Deed, Article 7, Section 7.02, and By-Laws, Article 7, Section 7.09. Article 7, Section 7.10 of the By-Laws provides in this regard:

> In the case of any action or proceeding brought or defended by the Association or the Board pursuant to the provisions of the [governing documents], or any rule or regulation, the reasonable costs and expenses of preparation and litigation, including attorneys' fees, shall be Common Expenses among all Unit Owners other than the Developer.

The Association may also charge a late fee for delinquent assessments, pursuant to N.J.S.A. 46:8B-15(e), Master Deed, Article 7, Section 7.14, and By-Laws, Article 7, Section 7.09.

Defendant failed to timely pay her monthly assessments as required by the governing documents. As of December 17, 2021, defendant owed plaintiff $12,916.58, representing defaulted maintenance fees, late fees, and attorneys' fees.

Plaintiff brought suit in December 2021 alleging that defendant, an owner of a unit within the Association, defaulted on maintenance fee payments owed to the Association. In February 2022, defendant filed a motion to dismiss the complaint, which was converted into a motion for summary judgment. On March 8, 2022, defendant filed a motion for leave to supplement the record (filed

3

in eCourts as a motion for summary judgment). On March 11, 2022, plaintiff filed a cross-motion for summary judgment and an opposition to defendant's motion for summary judgment. On April 17, 2023, the court entered judgment against defendant in the amount of $16,218.41.

Appellate courts review a trial court's grant or denial of summary judgment de novo. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). On review, appellate courts apply the same standard as the trial court, that is, "'whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.'" Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). It is also well-settled that a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

Turning to defendant's specific contentions, we are unpersuaded that plaintiff's counsel, McGovern Legal Services, LLC (McGovern), was not

authorized to bring the present lawsuit. Defendant argues that because the Board of Trustees and Condo Association was "non-functioning," it could not have authorized the suit. Defendant asserts that she requested proof of legal authority, but no such documents were ever provided by plaintiff's counsel.

Defendant's arguments lack merit, as the record clearly reflects that McGovern was retained by plaintiff to initiate an action to recoup the assessment fees owed by defendant. Without question, plaintiff was authorized under the New Jersey Condominium Act and the governing documents to sue defendant. Specifically, By-Laws, Article 6, Section 6.01, states that the Board of Trustees has the power, among other things:

> (g) To secure full performance by Unit Owners or occupants of all items of maintenance for which they are responsible; and
>
> ….
>
> (l) To enforce obligations of the Unit Owners and do anything and everything else necessary and proper for the sound management of the Condominium, including the right to bring, defend or settle lawsuits to enforce the terms, conditions and restrictions contained in the Master Deed, these By-Laws, or any Rules and Regulations; and
>
> ….
>
> (s) To bring and defend actions by or against more than one Unit Owner which are pertinent to the

A-1936-23

> operation of the Condominium, the health, safety or general welfare of the Unit Owners, or any other legal action to which the Unit Owners may consent in accordance with these By-Laws . . . .

We also are unpersuaded by defendant's contention, raised for the first time on appeal that, "[s]ince [McGovern] was not authorized to bring [the] complaint/suit against the defendant, there is a [l]ack of [p]rivity" and thus this case is moot. Pursuant to the Condominium Act, "[a] unit owner shall, by acceptance of title, be conclusively presumed to have agreed to pay his proportionate share of common expenses accruing while he is the owner of a unit." N.J.S.A. 46:8B-17. Moreover, the relationship between a homeowner and the Association is contractual in nature. See Comm. for a Better Twin Rivers v. Twin Rivers Homeowners' Ass'n., 192 N.J. 344, 367 (2007) (finding that residents had "contractually agreed to abide by the common rules and regulations of the Association."). Thus, defendant's argument fails because privity exists between plaintiff and defendant, and McGovern was acting in the interests of its client when it filed suit against defendant.

Likewise, the matter is not moot as defendant asserts. "An issue is considered 'moot when [a] decision . . . can have no practical effect on the existing controversy.'" Wisniewski v. Murphy, 454 N.J. Super. 508, 518 (App. Div. 2018) (quoting Redd v. Bowman, 223 N.J. 87, 104 (2015)). Defendant

6

does not dispute that she failed to pay plaintiff a significant amount of her monthly assessments. The trial court entered judgment against defendant in the amount of $16,218.41. Plaintiff contends that, as of the date of its submissions in this appeal, it has not received payment from defendant. Accordingly, a decision has the practical effect of assisting plaintiff in recouping the unpaid monthly assessments and, therefore, the matter is not moot.

We also reject defendant's contention that McGovern abandoned this case because its final communication with the court occurred on July 26, 2022, resulting in a lack of prosecution pursuant to Rule 1:13-7. Defendant's contention is not supported by the record.

Rule 1:13-7(a) states in pertinent part:

> whenever an action has been pending for four months or, if a general equity action, for two months, without a required proceeding having been taken therein as hereafter defined in subsection (b), the court shall issue written notice to the plaintiff advising that the action as to any or all defendants will be dismissed without prejudice [sixty] days following the date of the notice or [thirty] days thereafter in general equity cases unless, within said period, action specified in subsection (c) is taken. If no such action is taken, the court shall enter an order of dismissal without prejudice as to any named defendant and shall furnish the plaintiff with a copy thereof.

7

Here, the court never issued a lack of prosecution warning to plaintiff because plaintiff had been consistently litigating the matter. McGovern was initially counsel for plaintiff and handled this matter through December of 2022, when Hill Wallack, LLP was substituted as counsel. A subsequent substitution of attorney was filed by Amani S. Abdellah, Esq. on September 20, 2023, assuming representation of plaintiff. The record reflects that defendant's motion to dismiss, defendant's motion for leave to supplement the record, plaintiff's cross-motion for summary judgment, and defendant's motion to pay were all pending until the trial court rendered its decision on April 17, 2023. Accordingly, there was no lack of prosecution.

Finally, we emphasize that it is undisputed that defendant failed to timely pay her monthly assessments as required by the governing documents. The trial court found that defendant presented no evidence that she did in fact pay the months reflecting non-payment, nor did she dispute that the $150 monthly maintenance fee was reasonable. The trial court further recognized that while defendant complained of outstanding discovery in her opposition including meeting minutes, she provided no explanation for how that evidence would support a defense to plaintiff's claims against her. In sum, the trial court

A-1936-23

appropriately found "no genuine issue as to any material fact" and that plaintiff was "entitled to a judgment or order as a matter of law." R. 4:46-2(c).[1]

To the extent we have not specifically addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

---

[1] The trial court also decided the motion for reconsideration of the April 13, 2023, order on the papers, and denied reconsideration, concluding that defendant had failed to present any evidence that reconsideration was warranted.